**WONG FLEMING**
Linda Wong (NJ Bar No. 27201982)
400 Alexander Park Dr., Suite 201
Princeton, NJ 08540
(609) 951-9520 tel.
(609) 951-0270 fax
lwong@wongfleming.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY
TRENTON**

| | |
|---|---|
| JUSTIN BRADLEY,<br><br>                Plaintiff,<br><br>v.<br><br>THE TRUSTEES OF PRINCETON UNIVERSITY d/b/a PRINCETON PLASMA PHYSICS LABORATORY; MICHAEL FORD; MICHAEL D'AGOSTINO; MARK CROPPER; STEFAN GERHARDT; RAM SRINIVASAN; ABC CORPORATIONS 1-5 (fictitious names describing presently unidentified business entities); and JOHN DOES 1-5 (fictitious names describing presently unidentified individuals),<br><br>                Defendants. | Case No. _____<br><br>**Removed from the Superior Court of New Jersey-Mercer Vicinage**<br><br>**Case No. MER-L-001635**<br><br>**NOTICE OF REMOVAL** |

Defendants The Trustees of Princeton University, a not-for-profit education corp. of the State of New Jersey, Michael Ford, Michael D'Agostino, Mark Cropper, Stefan Gerhardt and Ram Srinivasan ("Defendants") hereby file this Notice of Removal pursuant to 28 U.S.C. §§1331 and 1441, et seq. The grounds for removal are as follows:

1. Plaintiff commenced this action against the Defendants by filing a complaint on August 6, 2025, in the Superior Court of New Jersey, Law Division, Mercer County, in a matter

that is captioned as *Justin Bradley v. The Trustees of Princeton University, et al.*, Docket No. MER-L-001635-25. A copy of the Complaint ("the Complaint") is attached to this Notice as **Exhibit A**.

2. Upon information and belief, and based on Plaintiff's Complaint, Plaintiff is a citizen of the Commonwealth of Pennsylvania.

3. The University is a not-for-profit corporation located in Princeton, New Jersey, and is a citizen of New Jersey.

4. As this is a civil action between citizens of different states, and the amount in controversy exceeds $75,000.00, this Court has original jurisdiction over the matter based on diversity of citizenship. 28 U.S.C. § 1332.

5. Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

6. Pursuant to 28 U.S.C. § 1441, "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest *properly joined and served as defendants* is a citizen of the State in which such action is brought." 28 U.S.C. §1441(b)(2) (emphasis added).

7. The Complaint has not been served on the University or any other party. A copy of the docket from the state court proceedings in this matter as of the time of the filing of this Notice is attached as **Exhibit B**.

8. As a result, the provisions of 28 U.S.C. § 1441(b)(2), commonly referred to as "the forum defendant rule," are inapplicable to the instant matter. The Defendants, although New

Jersey citizens, have not been "properly joined *and served*" in the state court action. *See* 28 U.S.C. § 1441(b)(2); *Encompass Ins. Co. v. Stone Mansion Restaurant Inc.,* 902 F.3d 247, 153-54 (3d Cir. 2018) (holding that removal to federal court was appropriate where defendant's notice of removal was filed prior to accepting service in the state court action).

9. This Action is also removable based upon Federal questions that have been alleged by Plaintiff, who alleges, among other Federal issues of law, violations of Federal rule 10 C.F.R. Part 851, Appendix A, a 2024 United States Department of Energy's ("DOE") memorandum, "federal safety mandates," the Federal Occupational Safety and Health Administration ("OSHA") requirements, "breaches of …federal law, including DOE safety directives and mandatory inspection requirements, Federal Safety Requirements." See Complaint ¶¶ 19–37.

10. Removal is proper where an essential element of Plaintiff's complaint is a right or immunity created by U.S. law. *Voltz v. Somerset Cty. Jail*, 2021 US Dist. LEXIS 94050 (D.N.J. 2021). Where the law that creates the cause of action is state law, federal jurisdiction exists only if a substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims. *Id.*

11. Because the claims in this matter arise out of, and substantially implicate, federal law, this Court has original jurisdiction over the matter based on federal question jurisdiction. 28 U.S.C. §1331.

12. This Notice of Removal is being filed within thirty (30) days of the filing of the Complaint and within one year of the commencement of the action, and therefore is also timely under 28 U.S.C. § 1446(b).

13. A true and correct copy of this Notice will be promptly filed with the Superior Court of New Jersey, Law Division, Mercer County, pursuant to 28 U.S.C. §1446(d).

14. Finally, a copy of this Notice is being promptly served on Plaintiff, pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, pursuant to 28 U.S.C. §§1331 and 1441 et seq., Defendant The Trustees of Princeton University respectfully requests that Plaintiff's civil action be removed from the Superior Court of New Jersey, Law Division, Mercer County, to the United States District Court for the District of New Jersey.

Date: August 7, 2025                                Respectfully submitted,

*/s/ Linda Wong*
**WONG FLEMING, P.C.**
400 Alexander Park Dr., Suite 201
Princeton, NJ 08540
(609) 951-9520 tel.
(609) 951-0270 fax
lwong@wongfleming.com