**WONG FLEMING, P.C.**
Linda Wong (NJ Bar No. 27201982)
400 Alexander Park Dr., Suite 201
Princeton, NJ 08540
(609) 951-9520 tel.
(609) 951-0270 fax
lwong@wongfleming.com
*Attorneys for Defendants, The Trustees of Princeton University (incorrectly referenced as "The Trustees of Princeton University d/b/a Princeton Plasma Physics Laboratory"), Michael Ford, Michael D'Agostino, Mark Cropper, Stefan Gerhardt, and Ram Srinivasan*

**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF NEW JERSEY**
**TRENTON**

| | |
|---|---|
| JUSTIN BRADLEY, <br><br>                        Plaintiff, <br><br> v. <br><br> THE TRUSTEES OF PRINCETON UNIVERSITY d/b/a PRINCETON PLASMA PHYSICS LABORATORY; MICHAEL FORD; MICHAEL D'AGOSTINO; MARK CROPPER; STEFAN GERHARDT; RAM SRINIVASAN; ABC CORPORATIONS 1-5 (fictitious names describing presently unidentified business entities); and JOHN DOES 1-5 (fictitious names describing presently unidentified individuals), <br><br>                        Defendants. | Case No. 3:25-cv-14300-GC-RLS <br><br> **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS THE TRUSTEES OF PRINCETON UNIVERSITY; MICHAEL FORD; MICHAEL D'AGOSTINO; MARK CROPPER; STEFAN GERHARDT; AND RAM SRINIVASAN** |

Defendants The Trustees of Princeton University (incorrectly referenced as "The Trustees of Princeton University d/b/a Princeton Plasma Physics Laboratory) ("Princeton" or the "University"); Michael Ford ("Mr. Ford" or "Defendant Ford"); Michael D'Agostino ("Mr.

1

D'Agostino" or "Defendant D'Agostino"); Mark Cropper ("Mr. Cropper" or "Defendant Cropper"); Stefan Gerhardt ("Mr. Gerhardt" or "Defendant Gerhardt"); and Ram Srinivasan ("Mr. Srinivasan" or "Defendant Srinivasan"), collectively ("Defendants"), by and through their attorneys, hereby answers the Complaint filed by plaintiff Justin Bradley ("Plaintiff"). Allegations not expressly admitted herein are denied.

## INTRODUCTION

Defendants deny the allegations contained in the Introduction of the Complaint.

## PARTIES

1. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 1.

2. The University denies the allegation contained in Paragraph 2, except that it admits that the Trustees of Princeton University is a private, nonprofit educational organization and that the Princeton Plasma Physics Laboratory ("PPPL") is a research facility located at 100 Stellarator Road, Princeton, New Jersey 08543.

3. Defendant Ford denies the allegations contained in paragraph 3 of the Complaint, except he admits that he was the Associate Lab Director of Engineering at PPPL and admits that he is a domiciliary of New Jersey.

4. Defendant D'Agostino denies the allegations contained in paragraph 4 of the Complaint, except he admits that he was a Lead Engineer at PPPL and admits that he is a domiciliary of New Jersey.

5. Defendant Cropper denies the allegations contained in paragraph 5 of the Complaint, except he admits that he was a Senior Engineer at PPPL and admits that he is a domiciliary of New Jersey.

6. Defendant Gerhardt denies the allegations contained in paragraph 6 of the Complaint, except he admits he is a domiciliary of New Jersey, and states that he was the Recovery Project Deputy Director at PPPL.

7. Defendant Srinivasan denies the allegations contained in paragraph 7 of the Complaint, except he admits that he was a Project Manager at PPPL and admits that he is a domiciliary of New Jersey.

8. Defendants are without sufficient knowledge or information to admit or deny the allegations contained in paragraph 8 of the Complaint and neither admit nor deny the same and leave Plaintiff to his proofs.

9. Defendants are without sufficient knowledge or information to admit or deny the allegations contained in paragraph 9 of the Complaint and neither admit nor deny the same and leave Plaintiff to its proofs.

## FACTS COMMON TO ALL CLAIMS

10. Defendants deny the allegations contained in paragraph 10 of the Complaint, except that they admit there are policies providing employees with a procedure to report concerns which involve noncompliance with potentially illegal activity in accordance with University Policy.

11. Defendants deny the allegations contained in paragraph 11 of the Complaint, except that they admit there are policies against retaliation of an employee who reports in good faith concerns of potentially illegal activity in accordance with University Policy.

12. Defendants deny the allegations contained in paragraph 12 of the Complaint, except that they admit there are policies against retaliation of an employee who reports in good faith concerns which involve possible noncompliance with University Policy or unethical behavior.

13. Defendants deny the allegations contained in paragraph 13 of the Complaint, except that they admit there are policies against retaliation of an employee who reports in good faith concerns which involve possible noncompliance with University Policy.

14. Defendants admit the allegations contained in paragraph 14 of the Complaint.

15. Defendants deny the allegations stated in paragraph 15 of the Complaint, except they admit that Plaintiff began working for PPPL as a staff engineer on or about May 6, 2019.

16. Defendants deny the allegations contained in paragraph 16 of the Complaint, except it admits that Plaintiff began working for PPPL as a staff engineer.

17. Defendants deny the allegations contained in paragraph 17 of the Complaint.

**A. As to Allegations that Plaintiff Objected to Violations of Law, Rule or Regulation at Defendant PPPL and Is Subjected to Retaliation.**

18. Defendants deny the allegations contained in paragraph 18 of the Complaint, except they admit that Plaintiff was assigned the role of Pressure Systems Subject Matter Expert ("SME"), in addition to his other duties.

19. Defendants assert that the allegations contained in paragraph 19 of the Complaint state legal conclusions to which no response is required.

20. Defendants assert that the allegations contained in paragraph 20 of the Complaint states legal conclusions to which no response is required.

21. Defendants deny the allegations contained in paragraph 21 of the Complaint

22. Defendants deny the allegations contained in paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in paragraph 23 of the Complaint, except that they admit that Plaintiff did receive training that was approved by the University.

24. Defendants deny the allegations contained in paragraph 24 of the Complaint, except it admits Plaintiff did begin to evaluate the laboratory's pressure systems as part of his role as Pressure System SME.

25. Defendants deny the allegations contained in paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in paragraph 26 of the Complaint.

**B. As to Plaintiff's Allegations that He Commenced His Position as a Pressure Systems SME and Immediately Identifies Longstanding violations of State and Federal Safety Regulation.**

27. Defendants deny the allegations contained in paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in paragraph 29 of the Complaint, and state that there was never any incident involving the pressure systems at PPPL that created an immediate risk of safety.

30. Defendants deny the allegations contained in paragraph 30 of the Complaint, and state that there was never any incident involving the pressure systems at PPPL that created an immediate risk of safety.

31. Defendants assert that the allegations contained in paragraph 31 of the Complaint states legal conclusions to which no response is required.

32. Defendants deny the allegations contained in paragraph 32 of the Complaint.

33. Defendants assert that the allegations contained in paragraph 33 of the Complaint states legal conclusions to which no response is required.

34. Defendants deny the allegations contained in paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in paragraph 35 of the Complaint, except admits that Plaintiff raised certain concerns, and was informed that the code provisions cited were not applicable to the issues identified.

C. **As to Plaintiff's Allegations that He Objected to Defendant PPPL's Ongoing Violation of State and Federal Safety Regulations and Refused to Endorse Falsified Compliance.**

36. Defendants are without sufficient knowledge or information to admit or deny the allegations contained in paragraph 36 of the Complaint and neither admit nor deny same and leave Plaintiff to its proofs.

37. Defendants deny the allegations contained in paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in paragraph 38 of the Complaint.

39. Defendants deny the allegations contained in paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in paragraph 40 of the Complaint.

D. **As to Plaintiff's Allegations that He Reported His Safety Objections to State and Federal Authorities After Internal Complaints Were Ignored.**

41. Defendants deny the allegations contained in paragraph 41 of the Complaint, except that they admit upon information and belief that Plaintiff had submitted a complaint to external regulators.

42. Defendants deny the allegations contained in paragraph 42 of the Complaint, except that they admit upon information and belief that Plaintiff had submitted a complaint to the NJOIG and the DOE.

43. Defendants are without sufficient knowledge or information to admit or deny the allegations contained in paragraph 43 of the Complaint and neither admit nor deny same and leave Plaintiff to its proofs.

44. Defendants deny the allegations contained in paragraph 44 of the Complaint, except that it admits Plaintiff, along with DOE personnel and Defendant Ford had a meeting and further state that there is no Defendant Meyer who is identified in the Complaint.

45. Defendants deny the allegations contained in paragraph 45 of the Complaint.

46. Defendants deny the allegations contained in paragraph 46 of the Complaint, except admits that there was a failure of the Ion Source Heat Exchanger.

47. Defendants deny the allegations contained in paragraph 47 of the Complaint.

48. Defendants deny the allegations contained in paragraph 48 of the Complaint.

49. Defendants deny the allegations contained in paragraph 49 of the Complaint.

**E. As to Allegations that Corporate Defendants Retaliated Against Him for His Protected Safety Objections and Terminated His Employment Under the Guise of Budgetary Constraints.**

50. Defendants deny the allegations contained in paragraph 50 of the Complaint.

51. Defendants deny the allegations contained in paragraph 51 of the Complaint.

52. Defendants deny the allegations contained in paragraph 52 of the Complaint.

53. Defendants deny the allegations contained in paragraph 53 of the Complaint.

54. Defendants deny the allegations contained in paragraph 54 of the Complaint.

55. Defendants deny the allegations contained in paragraph 55 of the Complaint, and state that the University had considerable budget cuts to the PPPL program from the Federal government, requiring it to conduct lay-offs in both February and June 2025, resulting in the layoff of approximately 80 persons. Moreover, the individuals who were involved in making the decision about Plaintiff's layoff applied certain uniform metrics that resulted in his selection for layoff, amongst numerous other individuals, in June 2025. Defendants further state that the individuals

involved in making the decision about Plaintiff's layoff were unaware of his having filed any regulatory misconduct complaint.

56. Defendants deny the allegations contained in paragraph 56 of the Complaint.

57. Defendants deny the allegations contained in paragraph 57 of the Complaint.

## AS TO COUNT ONE

### AS TO PLAINTIFF'S ALLEGATIONS OF RETALIATION IN VIOLATION OF NEW JERSEY CONSCIENTIOUS EMPLOYEE PROTECTIONS ACT ("CEPA")

58. Defendants repeat each and every allegation set forth above as if set forth fully herein at length.

59. Defendants assert that the allegations contained in paragraph 59 of the Complaint state legal conclusions to which no response is required.

60. Defendants assert that the allegations contained in paragraph 60 of the Complaint state legal conclusions to which no response is required.

61. Defendants deny the allegations contained in paragraph 61 of the Complaint.

62. Defendants deny the allegations contained in paragraph 62 of the Complaint.

63. Defendants deny the allegations contained in paragraph 63 of the Complaint and state that the University had considerable budget cuts to the PPPL program from the Federal government, requiring it to conduct lay-offs in both February and June 2025, resulting in the layoff of approximately 80 persons. Moreover, the individuals who were involved in making the decision about Plaintiff's layoff applied certain uniform metrics that resulted in his selection for layoff, amongst numerous other individuals, in June 2025. Defendants further state that the individuals involved in making the decision about Plaintiff's layoff were unaware of his having filed any regulatory misconduct complaint.

64. Defendants deny the allegations contained in paragraph 64 of the Complaint and state that the University had considerable budget cuts to the PPPL program from the Federal government, requiring it to conduct lay-offs in both February and June 2025, resulting in the layoff of approximately 80 persons. Moreover, the individuals who were involved in making the decision about Plaintiff's layoff applied certain uniform metrics that resulted in his selection for layoff, amongst numerous other individuals, in June 2025. Defendants further state that the individuals involved in making the decision about Plaintiff's lay-off were unaware of his having filed any regulatory misconduct complaint.

65. Defendants deny the allegations contained in paragraph 65 of the Complaint.

66. Defendants deny the allegations contained in paragraph 66 of the Complaint.

67. Defendants deny the allegations contained in paragraph 67 of the Complaint.

68. Defendants deny the allegations contained in paragraph 68 of the Complaint.

69. Defendants deny the allegations contained in paragraph 69 of the Complaint.

70. Defendants deny the allegations contained in paragraph 70 of the Complaint.

## AS TO COUNT TWO

## AS TO PLAINTIFF'S ALLEGATIONS OF WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

71. Defendants repeat each and every allegation set forth above as if set forth fully herein at length.

72. Defendants deny the allegations contained in paragraph 72 of the Complaint and state that the University had considerable budget cuts to the PPPL program from the Federal government, requiring it to conduct lay-offs in both February and June 2025, resulting in the layoff of approximately 80 persons. Moreover, the individuals who were involved in making the decision about Plaintiff's layoff applied certain uniform metrics that resulted in his selection for layoff,

amongst numerous other individuals, in June 2025. Defendants further state that the individuals involved in making the decision about Plaintiff's layoff were unaware of his having filed any regulatory misconduct complaint.

73.

74. Defendants deny the allegations contained in paragraph 73 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted

### SECOND AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement or any other relief from any of the defendants.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by laches.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is estopped and barred by his own conduct from recovering any relief, based upon, among other things, unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff is barred from relief due to his failure to mitigate damages.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has waived and/or is estopped from asserting any claim he may have, which is denied, to seek relief against Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants acted in good faith and based upon legitimate, non-discriminatory business reasons with respect to Plaintiff's employment.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff has failed to assert any claims that are based upon public policy or a violation of any law, rule, or regulation.

## TENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to add or rely on additional defenses.

WHEREFORE, Defendants respectfully request that the Court dismiss the Complaint against all Defendants with prejudice, together with costs of suit, reasonable attorneys' fees and any such further relief that the Court deems equitable and just.

## DEMAND FOR TRIAL BY JURY

Defendants demand a trial by jury on all issues.

                                                    **WONG FLEMING, P.C.**
*Attorneys for Defendants The Trustees of Princeton University (incorrectly referenced in the Complaint as "The Trustees of Princeton University d/b/a Princeton Plasma Physics Laboratory"), Michael Ford, Michael D'Agostino, Mark Cropper, Stefan Gerhardt, and Ram Srinivasan*

Dated: September 16, 2025                       By: */s/ Linda Wong*
                                                                  Linda Wong, Esq.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Linda Wong, Esquire, is hereby designated as trial counsel for Defendants.

## CERTIFICATION

Pursuant to R. 4:5-1, it is hereby certified that, to the best of my knowledge, there are no other civil actions or arbitration proceeding involving this matter and/or with respect this matter, and no other parties need to be joined at this time.

I certify that the forgoing statements made by me are true. I am aware that if any of the foregoing statements made by me or willfully false, I am subject to punishment.

**WONG FLEMING, P.C.**
*Attorneys for Defendants The Trustees of Princeton University (incorrectly referenced in the Complaint as "The Trustees of Princeton University d/b/a Princeton Plasma Physics Laboratory"), Michael Ford, Michael D'Agostino, Mark Cropper, Stefan Gerhardt, and Ram Srinivasan*

Dated: September 16, 2025

By: /s/ Linda Wong
        Linda Wong, Esq.